IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:16-mj-63-MSN |
| | ) |
| **NISREEN ASSAD IBRAHIM BAHAR,** | ) |
| a/k/a "Umm Sayyaf," | ) |
| **Defendant.** | ) |

## DECLARATION OF DANIEL McLAUGHLIN IN SUPPORT OF MOTION TO ENFORCE THE MOVANTS' RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT

I, DANIEL MCLAUGHLIN, hereby certify under penalty of perjury, on this 16th day of April 2021, that:

1.     I am a senior staff attorney at the Center for Justice and Accountability ("CJA"), a U.S. based legal non-profit organization, which serves as co-counsel to the movants Mary Roe, Mary Roe II, Mary Roe III, Nasima Avdo Saleh, and Mary Roe VI (collectively "the Movants").

2.     I am licensed to practice as an attorney in the State of New York, admitted January 2006, and the State of California, admitted June 2017, and I am currently a member in good standing of the bars of both states.

3.     I have worked as a senior staff attorney at CJA since September 2015 and have led CJA's representation of the Movants since January 2019.  Prior to January 2019, CJA's representation of the Movants was led by my former colleague Scott A. Gilmore.  I have access, through CJA's shared file drive, to communications between Mr. Gilmore and relevant Government officials, including Assistant U.S. Attorney ("AUSA") Dennis Fitzpatrick, that pre-date my direct involvement in the Movants' representation.

1

4.      On February 7, 2017, Mr. Gilmore and Amal Clooney, in their capacity as co-counsel for Mary Roe and another, wrote to AUSA Fitzpatrick to inform him that they represent victims of the crimes committed by Defendant Nisreen Assad Ibrahim Bahar ("Umm Sayyaf"), as defined under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Attached hereto as **Exhibit A** is a true and correct copy of this letter as sent to AUSA Fitzpatrick.[1] Counsel requested an opportunity to confer with AUSA Fitzpatrick and asked that the Government recognize the Movants as "crime victims." Ex. A at 3. On March 1, 2017, Mr. Gilmore met with AUSA Fitzpatrick, George Toscas, the Deputy Assistant Attorney General in the National Security Division of the Department of Justice, and other representatives from the Department of Justice. Ms. Clooney attended the meeting telephonically. At this meeting, the Government representatives indicated that they did not intend to seek the Defendant's extradition or transfer because they believed it was prohibited under Iraqi law and, therefore, any attempt would likely be futile. Moreover, they refused to take a final position regarding the Movants' status as crime victims.

5.      On May 11, 2018, Mr. Gilmore and Ms. Clooney, in their capacity as co-counsel for Mary Roe and others, sent a follow-up letter with substantial supporting material to AUSA Fitzpatrick demonstrating why the Defendant's extradition or transfer to the United States was both warranted and not precluded under Iraqi law. Attached hereto as **Exhibit B** is a true and correct copy of this letter as sent to AUSA Fitzpatrick. As counsel explained in that letter, the Defendant's prosecution in the United States presents "the only vehicle to hold Umm Sayyaf to account for" the abuse Movants suffered as ISIL hostages and slaves. Ex. B at 1. Counsel again

---

[1]  The letter is erroneously dated "February 7, 2016." This is a typographical error and, as the contents of the letter make clear, it was sent on February 7, 2017.

requested an opportunity to confer with AUSA Fitzpatrick. Ex. B at 8. Counsel received no response to this letter from AUSA Fitzpatrick or any other Government authority.

6. On February 12, 2019, Ms. Clooney and I, as co-counsel for Mary Roe, Mary Roe II, Mary Roe III, and Nasima Avdo Saleh, among others, sent AUSA Fitzpatrick another letter concerning the status of the case against the Defendant. Attached hereto as **Exhibit C** is a true and correct copy of this letter as sent to AUSA Fitzpatrick. We asked for an update about the Government's attempts to extradite or transfer the Defendant to face trial in the United States. Ex. C at 4. In addition, we again requested an opportunity to confer with AUSA Fitzpatrick to provide the Government with additional information and assistance concerning the totality of the crimes committed by the Defendant, in order to ensure that the Defendant would be tried for her role in the abuses suffered by the Movants. Ex. C at 3–4.

7. On March 19, 2019, I, in-person, and Ms. Clooney, by telephone, along with our colleagues by telephone, met with AUSA Fitzpatrick and other representatives of the Department of Justice. The Government representatives indicated that they did not intend to seek the Defendant's extradition or transfer because, *inter alia*, they understood that the Defendant was serving a life sentence in the Kurdistan Region of Iraq under the custody of the Kurdish Regional Government ("KRG"). Moreover, they continued to refuse to take a final position regarding the Movants' status as crime victims. However, at this meeting, the Government representatives indicated that they agreed, in principle, to share any information they may have or may be able to obtain regarding the proceedings against the Defendant in the KRG, as well as details regarding the charges, sentence, and detention.

3

8.      On March 27, 2019, I wrote to AUSA Fitzpatrick requesting an update on the status of this information by May 1, 2019. Attached hereto as **Exhibit D** is a true and correct copy of the email I sent to AUSA Fitzpatrick.

9.      Having not received a response by May 1, 2019, on May 6, 2019, and May 20, 2019, I wrote to AUSA Fitzpatrick requesting an update on the status of this information. Attached hereto as **Exhibit E** is a true and correct copy of the emails I sent to AUSA Fitzpatrick, along with subsequent emails exchanged with him.

10.     On May 31, 2019, I again wrote to AUSA Fitzpatrick requesting an update and forwarded two recently published articles in The Guardian that provided details regarding the Defendant's sentence in the KRG. Ex. E at 1. The details provided in these articles differed from the information provided to us by Government representatives. In an email dated June 9, 2019, AUSA Fitzpatrick stated that the Department of Justice would provide us with additional information as soon as it obtained it. However, to date, Movants' counsel have not received any further information from Government representatives. Ex. E at 1.

11.     Apart from the above, neither I, nor co-counsel for the Movants, have received further information from Government representatives regarding the circumstances of the Defendant's transfer from the custody of the United States to the custody of the KRG in 2015, including any conditions or agreements entered into between the United States and the KRG at that time. Nor have we received any clarifying information on the terms of the Defendant's sentence in the KRG, including the length of her prison sentence or her eligibility for parole. In addition, to my knowledge, none of the relevant departments or agencies within the Government responsible for such matters has made progress towards seeking the Defendant's extradition or transfer to the United States since her alleged conviction in the KRG.

Executed in San Francisco, California on April 16, 2021.

DANIEL McLAUGHLIN